KARI S. BOWYER (SBN 257033)
STEVEN ADAIR MAC DONALD & ASSOCIATES, P. C.
870 Market Street, Suite 500
San Francisco, CA 94102
Tel: (415) 956-6488
Fax: (415) 956-8698

Attorneys for Defendant
Steven Adair MacDonald

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND

In Re:

Kenny L. Bright,

    Debtor.

_____

MARTHA G. BRONITSKY,
CHAPTER 13 STANDING TRUSTEE

   Plaintiff

vs.

 STEVEN ADAIR MACDONALD

   Defendant

Case No: 09-46493 WJL

Chapter 13

Adversary No. 14-04053

MOTION TO DISMISS COMPLAINT AND POINTS AND AUTHORITIES IN SUPPORT THEREOF

Date:     July 16, 2014
Time:    10:30AM
Courtroom: 220
Judge:   Hon. William Lafferty

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

**I. INTRODUCTION**

Defendant and Creditor, Steven Adair MacDonald ("MacDonald" or "Defendant") hereby moves this Court, pursuant to Fed R. Civ. P 12(b)(6), Bankruptcy Rule 7012, for an order dismissing Plaintiff Martha G. Bronitsky, Chapter 13 Standing Trustee's ("Plaintiff" and/or "Trustee') Complaint to

1

MOTION TO DISMISS COMPLAINT AND POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case: 14-04053  Doc# 12  Filed: 05/30/14  Entered: 05/30/14 00:34:07  Page 1 of 9

Recover Funds Overpaid Through Chapter 13 Plan Pursuant to 11 U.S.C. §542 (the "Complaint") for (1) Plaintiff's failure to state a claim against MacDonald; and (2) the doctrine of equitable estoppel and laches prohibits the Plaintiff from asserting payments received pursuant to a confirmed chapter 13 plan and a valid proof of claim must be turned over as estate assets.

**II. FACTS/BACKGROUND**

Creditor, Steven Adair MacDonald ("Defendant" and/or MacDonald") was retained pre-petition by the Debtor Kenny L. Bright ("Debtor") for legal work[1]. Creditor received an abstract judgment in the San Francisco Superior Court which was recorded on or around January 22, 2009 and secured by Debtor's home[2].

Debtor subsequently filed for Chapter 13 bankruptcy protection on or around July 21, 2009[3] and at the same time filed his Chapter 13 plan[4]. Debtor's schedules listed Steven Adair MacDonald as a creditor.[5] Debtor's plan did not propose to modify the claim of Creditor MacDonald.[6]

Creditor MacDonald filed a proof of claim on August 6, 2009[7], the proof of claim provided Creditor MacDonald's correct mailing address of 870 Market St., Suite 500, San Francisco, CA 94102. The Court's mailing records also include Creditor MacDonald's correct mailing address.[8] Debtor's Chapter 13 plan was confirmed on September 17, 2009.[9] Since 2009, Creditor MacDonald has been receiving plan payments pursuant to the confirm Chapter 13 plan, and Creditor's proof of claim.

On or around October 2013, Plaintiff, Martha Bronitsky, Chapter 13 Standing Trustee ("Plaintiff") became informed that the Debtor's plan was not feasible and moved to dismiss the case.[10] In response

---
[1] See attached Judicial Notice Exhibit 5 Claim 4-1
[2] Judicial Notice Exhibit 5; Proof of Claim 4-1
[3] Judicial Notice Exhibit 1; Court Docket No. 1
[4] Judicial Notice Exhibit 3; Court Docket No. 2
[5] Judicial Notice Exhibit 2; Court Docket No. 1
[6] Judicial Notice Exhibit 3; Court Docket No. 2
[7] Judicial Notice Exhibit 5; Proof of Claim 4-1
[8] Judicial Notice Exhibit 6
[9] Judicial Notice Exhibit 4
[10] Judicial Notice Exhibit 7; Court Docket No. 36

Debtor opposed the dismissal and sought to make the plan feasible by filing a motion to avoid Creditor MacDonald's judicial lien.[11] Debtor filed a motion to void a lien impairing an exemption pursuant to 11 U.S.C. §522(f) and failed to list MacDonald's current mailing address.[12] Now nearly five years later, the Trustee is demanding return of funds that were received pursuant to a confirmed Chapter 13 plan.

Debtor moved to modify his plan in February 2014, and the plan calls for modifying the rights of Creditor MacDonald.[13] The court approved the modified plan on or around April 10, 2014.[14]

To date, neither the Debtor nor the Plaintiff has moved to object to Creditor MacDonald's proof of claim and the claim remains a valid proof of claim.[15]

III. STATEMENT OF ALLEGATIONS WITHIN PLAINTIFF'S COMPLAINT

1. Kenny L. Bright ("Debtor") filed this Chapter 13 Bankruptcy on July 21, 2009.
2. Debtor listed Steven Adair MacDonald for $7,000.00 on schedule F as "unknown, legal fees" (Doc. 18).
3. Defendant filed a secured claim for $12,280.26 for unpaid billing for legal services rendered and a judgment for the same. (Claim #4).
4. The Plaintiff paid the Defendant $6,628.42 pursuant to the claim.
5. The Debtor filed a Motion to Void Defendant's Lien Impairing Exemption Pursuant to 11 U.S.C. §522(f). (Doc. #46)
6. The Plaintiff served the Defendant with Notice and Opportunity to Object at the address listed for notice on the proof of claim; 870 Market Street, #975, San Francisco, CA 94102.
7. The Defendant did not file an objection or request a hearing.

---

[11] Court Docket No. 49; Judicial Notice Exhibit 7
[12] Court Docket No. 46-48
[13] Court Docket No. 58.
[14] Court Docket No. 67.
[15] See Court Docket

8. On January 7, 2014, the Debtor obtained a Default Ordering voiding the Defendant's lien against 35396 Terra Cotta Circle, Fremont, California 94538 and treating the claim as unsecured. (Doc. #57)

9. The Plaintiff Sent a first demand for return of the funds distributed to Defendant on January 13, 2014.

10. The Plaintiff sent an amended second demand for return of the funds distributed to Defendant on January 30, 2014.

11. The Defendant refuses to return the funds to the Plaintiff.

12. The funds are needed to help the Debtor complete his plan and obtain a discharge.

13. The Trustee has a pending a Motion to Dismiss because the plan will not fund in 60 months.

14. The Plain is in month 57.

15. The funds distributed to the Defendant constitute property of the bankruptcy estate pursuant to 11 U.S.C. §541.

16. Plaintiff, as Chapter 13 Trustee, is accountable to the estate for all property received. 11 U.S.C. §704(a)(2).

17. The Defendant is required to turnover the overpaid funds to the Trustee unless of inconsequential value to the estate. 11 U.S.C. §542.

18. The funds are of consequential the estate as they are needed to pay other valid allowed claims in the Debtor's confirmed plan.

IV. LEGAL ARGUMENT

**A. <u>Motion to Dismiss Should Be Granted Where a Compliant Fails to State a Claim as a Matter of Law.</u>**

The standards of a motion to dismiss for failure to state a claim under Federal Rule of Civil

Procedure 12(b)(6) which are incorporated into Bankruptcy Rule 7012 and are well established. "A party may seek dismissal of a claim if the pleadings are insufficient because they fail to state a claim upon which relief may be granted. *Hameed v. IHOP Franchising, LLC*, 2010 U.S. Dist. LEXIS 115123, 5 (E.D. Cal. Oct. 28, 2010). Only a complaint that states a plausible claim for relief will survive a Rule 12(b)(6) motion. Whether a complaint states such a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal* U.S. 129 S.Ct. 1937, 1949-50 (2009).

On a motion to dismiss under Rule 12(b)(6) all well plead allegations of material fact in the complaint are to be accepted as true and construed in favor of the plaintiff. *Id*. "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (U.S. 2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. The Court primarily considers the allegations in the complaint, documents incorporated by reference in the complaint or matters of judicial notice. *US v. Ritchie,* 342 F. 3d 903, 908 (9th Circuit 2003), See also, *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir.2002); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir.1994); Here, even accepting all of Plaintiff's allegations as true, Plaintiff has failed to state a claim upon which relief may be granted against Defendant.

**B. PLAINTIFF'S CLAIM FAILS AS A MATTER OF LAW.**

The Complaint states no cause of action and therefore has failed to state a claim for which relief can be granted Fed. R. Civ. Proc. 12(b)(6) and Bankruptcy Rule 7012. The Complaint alleges: "Defendant filed a secured claim for $12,280.26 for unpaid billing for legal services rendered and a judgment for the same. (Claim #4)". "Plaintiff paid the Defendant $6,628.42 pursuant to the claim." The Debtor filed a Motion to Void Defendant's Lien Impairing Exemption Pursuant to 11 U.S.C.

5

§522(f). (Doc. #46). "The Plaintiff served the Defendant with Notice and Opportunity to Object at the address listed for notice on the proof of claim; 870 Market Street, #975, San Francisco, CA 94102." "The Defendant did not file an objection or request a hearing." "On January 7, 2014, the Debtor obtained a Default Ordering voiding the Defendant's lien against 35396 Terra Cotta Circle, Fremont, California 94538 and treating the claim as unsecured. (Doc. #57)"… "The funds distributed to the Defendant constitute property of the bankruptcy estate pursuant to 11 U.S.C. §541". "The Defendant is required to turn over the overpaid funds to the Trustee unless of inconsequential value to the estate. 11 U.S.C. §542."

    a. <u>The Funds Sought are Not Property of the Estate Pursuant to 11 U.S.C §541 and Therefore Plaintiff Has Failed to Assert a Claim for Which Relief Can be Granted.</u>

Plaintiff has failed to assert any facts showing the funds demanded are property of the estate pursuant to 11 USC 541.

11 U.S.C. §541 defines Property of the Estate as:

> The commencement of a case… creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held: ….***all legal or equitable interests of the debtor in property as of the commencement of the case***. (Emphasis added).

Pursuant to 11 USC 541, estate funds are funds of the Debtor at the commencement of the Bankruptcy Case[16]. Pursuant to Plaintiff's compliant, the funds were paid pursuant to a filed proof of claim. The funds were therefore paid post-petition. The funds are not Property of Debtor's bankruptcy estate pursuant to 11 U.S.C. §541 and Plaintiff has failed to assert a claim upon which relief can be granted.

    b. <u>Filing a Motion to Avoid A Lien Does Not Invalidate a Properly Filed Proof of Claim and Therefore Plaintiff Has Failed to Assert a Claim For Which Relief Can be Granted.</u>

---

[16] 11 USC 1306 expands property of the estate, but this code section was not cited.

6

Even assuming Defendant received notice of Debtor's motion to avoid Defendant's lien[17], such motion would not require the refund of funds that have been properly paid. A properly filed proof of claim is deemed allowed unless a party in interest, including a creditor objects. 11 USC 502.

Case law states that a creditor has due process rights and his rights cannot be modified absent an objection to a properly filed proof of claim, where the creditor is given notice and opportunity to object. The facts in *In re Hobdy* are analogous to this underlying complaint. In *Hobdy*, a creditor filed a timely proof of claim secured by the Debtor's principal residence in the amount of $36,787.55, there were no objections to creditor's proof of claim. The confirmed plan called for a fractional amount to be paid to Creditor in the amount of $4,532.00. A year and a half later, the Trustee refused to pay the amount of the proof of claim based on local rules which state that only the amount in the confirmed plan shall be paid. On appeal the court determined that the Trustee's actions violated the Creditor's due process rights. In so ruling the court reasoned that since there was no objection to creditor's proof of claim, it was a reasonable assumption that any proposed plan would not impair their claim in any manner. *In re Hobdy* (1991 9th Cir.) 130 B.R. 318, 319-320.

For this reason, too, this Court must dismiss the Complaint for failure to state a claim on which relief can be granted.

## C. PLAINTIFF'S COMPLAINT IS ALSO BARRED ON EQUITABLE GROUNDS

Plaintiff is bringing this action to recover funds she has paid Defendant during the past five years. It would be inequitable for the court to now require the Defendant to return those funds.

Equitable estoppel is a doctrine adjusting the relative rights of parties based upon consideration of justice and good conscience. *United States v. Georgia-Pac. Co.*, 421 F.2d 92, 96 (9th Cir. 1970). In the Ninth Circuit, four elements must be present to establish the defense of estoppel: (1) the party to be

---

[17] Creditor did not receive notice. Creditor's current address is properly listed on the court's mailing matrix and on the properly filed proof of claim. Debtor failed to provide Creditor the pleadings at the proper address and therefore Creditor did not receive notice of the motion to avoid his lien.

estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury. *California State Bd. of Equalization v. Coast Radio Prod.*, 228 F.2d 520, 525 (9th Cir. 1955). For example, a party's silence will work an estoppel if he has a duty to speak under the circumstances. Here the Debtor proposed a plan in 2009 that did not modify the rights of Defendant. Defendant filed his proof of claim and there was no objection to that claim. Creditor has received payments on that confirmed plan and proof of claim for nearly five years. The Trustee was in the position to determine pre-confirmation or after confirmation if the plan was truly feasible and take the necessary actions at the onset of the case. Yet the Trustee did nothing for nearly 5 years. During that time Defendant received payments based on his properly filed proof of claim and relied on the fact that he was entitled to such funds. Now nearly five years later the same Trustee who made those payments is demanding refund with interest! Such action is barred by the Trustee's failure to act earlier.

As such, Plaintiff is also barred by the doctrine of laches from demanding return of funds after an unreasonable delay when the Defendant has already spent the funds and relied on the fact that he was entitled to such funds. Defendant has not received the full funds he was entitled for services rendered due to the bankruptcy filing, to add insult to injury the Trustee is demanding return of funds she paid him. There is no justification for the Trustee's delay and the Trustee has not provided an excuse for her untimely demand. *Cf. In re Pacific Gas & Elec. Co.*, 311 B.R. 84, 89-91 (Bankr. N.D. Cal. 2004) (J. Montali) (citing Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.P'ship, 507 U.S. 380 (1993)).

V. CONCLUSION

For the foregoing reasons, it is evident the complaint fails to state a cause of action against Defendant Steven Adair MacDonald and he thereby moves the Court to dismiss the Complaint.

8

| | | |
|---|---|---|
| Dated: May 29, 2014 | | STEVEN ADAIR MACDONALD AND ASSOCIATES |
| | By: | */s/: Kari S. Bowyer* |
| | | Kari S. Bowyer |
| | | Attorneys for Steven Adair MacDonald |